Totten, Special . J.,
delivered the opinion of the Court.
Ejectment in the Circuit Court ' of Perry for 300 acres of land; judgment for the plaintiff,' and the defendant, Elijah Hinson, appealed in error to this Court.
The title of plaintiff below is founded on an execu *323 tion sale; the defendant, Elijah Hinson, who was also the defendant in said execution,"' was in possession and residing on said land at the time of the levy and sale.
The sheriff having levied on the land, served the defendant with the- following notice, to wit:
“MR. Elijah Hinsoh : — Sir: On the first Monday of February next, I shall proceed to sell your land, to satisfy two executions in favor of John Hinson and others; this-2d day of January, 1854.”
It appears also that the sale was at the court house, and the defendant was present in. the town on. the day of the sale.
His Honor, the Circuit Judge, was of the opinion, and so instructed the jury, that the notice is a valid compliance with the act "of 1799, ch. 14, though the place of sale he not named; it being, as he stated, “ the universal practice to sell at the court house door under executions. - ■
• In these instructions, we are- of opinion that there is error.
The act of 1799; ch. 14, sec. 1, provides that “ whore the defendant is in actual possession of the land executed, it shall be the duty of the sheriff or coroner levying such execution, to serve the defendant with-written notice, stating that said execution is levied on said land, and mentioning the time and' place appointed for the sale thereof, at least twenty days previous thereto.”
The act is ■ clear and explicit that -the time and place of sale shall be stated. And the intent is, that the defendant may attend the sale, divide the land into lots if he think proper, and otherwise protect his interests in the important proceeding of selling out his homestead.
*324 As to the practice or usage stated in the instructions, we may observe that if it he true, yet it is not imperative — not required by any statute — and the sale may he appointed at a place other than the court house; and certainly it cannot he permitted that a mere usage shall dispense with the positive provision of the statute, made for the benefit of the debtor, and in the observance of which he is deeply interested.
“ The right conferred upon the debtor by the statute, should not be taken away by construction ; and the duty it imposes on the officer is plain and simple, and can better be performed in the manner required by the statute, than in any other manner which he might suppose to be equivalent.” Richards vs. Meeks, 11 Humph., 456.
We conclude that the notice in question was wholly insufficient.
Second: the defendant was present in the town on the day of sale, and thereon it is argued that a written notice was not necessary; and Noe vs. Purchapile, 5 Yerg. R., 216, is relied upon. That case was decided upon the ground of a “ waiver of notice,” and does not apply.
In Carney vs. Carney, 10 Yerg., 491, the defendant, was “present, knew of the sale, and did not object;” and it was held to be no waiver of the notice required by the statute.
We think it very clear that in the present case there was no legal notice, and no waiver of notice. For this defect in the proceeding, as it now appears, the sale is merely void.
Reverse the judgment, and remand the cause.